on the ground that both drivers were at fault. The trial court set aside the verdict as contrary to the weight of the evidence and, subsequently, entered a directed verdict in plaintiff's favor. I agree that the trial court erred in directing a verdict for the plaintiff but I do not agree that a new trial should be ordered. In reviewing matters such as this, the trial court's discretion is entitled to consideration (*Mann* v. *Hunt*, 283 App. Div. 140) but a jury verdict should be set aside only where it is palpably wrong and the preponderance so great that no fair interpretation of the evidence could lead to the jury's conclusion (*Kimberly-Clark Corp.* v. *Power Auth. of State of N. Y.*, 35 A D 2d 330, 335). The resolution of conflicting evidence and the credibility of witnesses is for the jury to determine (*Swensson* v. *New York, Albany Despatch Co.*, 309 N. Y. 497, 505). In this case, the evidence was conflicting and credibility was a major factor. Moreover, even if the jury were to accept the version of the facts most favorable to the plaintiff, it might still find that plaintiff's driver should have been operating his 33-ton tractor trailer more prudently in view of the prevailing road conditions, and that his imprudence was a proximate cause of the accident (*Lee* v. *City Brewing Corp.*, 279 N. Y. 380). Accordingly, I think the judgment should be reversed and the jury verdict reinstated. (Appeal from judgment of Oswego Trial Term in negligence action.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.

■ C. A. TERPENING TRUCKING CO., INC., Respondent, v. CITY OF FULTON, Appellant. (Appeal No. 2.) Same decision as in *C. A. Terpening Trucking Co.* v. *City of Fulton* (46 A D 2d 992). (Appeal from judgment of Oswego Trial Term in negligence action.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.

■ In the Matter of GERALD SWARTZ, Appellant, v. ESTHER G. SWARTZ, Respondent.— Order unanimously affirmed with costs, on the decision and order of Erie County Family Court, Kane, J. (Appeal from order of Erie County Family Court awarding counsel fees.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.

■ In the Matter of EVA HARMON, Infant, Respondent v. ARTHUR NENNI, as Commissioner of the Orleans County Department of Social Services, Appellant.— Judgment unanimously reversed, without costs, and matter remitted to the Commissioner of Orleans County Department of Social Services for further proceedings, and without prejudice to further proceedings by petitioners, all in accordance with the following memorandum: Without considering the merits of the alleged needs of the four petitioners herein, for furniture (including beds and kitchen equipment) for their several unfurnished or partly unfurnished apartments, under section 131-a (subd. 6, par. [b]) of the Social Services Law and regulations 18 NYCRR 352.7 (a) and for emergency assistance for three of them under section 350-j of the Social Services Law and regulations 18 NYCRR 372.2 (a) (3), respondent Commissioner of Social Services for the County of Orleans denied the applications. In this article 78 proceeding respondent admits that he denied the applications and asserts that he did so because his administrative superior, the Commissioner of Social Services of the State of New York, mandated such denial on the ground that the needs did not arise from fire, flood or other like catastrophe or come specifically within the four circumstances set forth in regulation 18 NYCRR 352.7 (a) (2). We have held that the statute and regulations may not be so narrowly and restrictively interpreted (*Harris* v. *Lavine*, 43 A D 2d 894). Special Term so held in the judgment from which respondent appeals. We reverse solely on the jurisdictional ground of the